**2015 UT App 32**

# THE UTAH COURT OF APPEALS

WILLIAM SHERRATT,
Petitioner and Appellant,
*v.*
STATE OF UTAH,
Respondent and Appellee.

Per Curiam Decision
No. 20141034-CA
Filed February 12, 2015

Fifth District Court, Cedar City Department
The Honorable Keith C. Barnes
No. 080500231

William Sherratt, Appellant Pro Se

Sean D. Reyes and Erin Riley, Attorneys for Appellee

Before JUDGES JAMES Z. DAVIS, STEPHEN L. ROTH, and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1     William Sherratt seeks to appeal the dismissal of his petition for postconviction relief and the denial of a motion to restart the postconviction petition. This case is before the court on a sua sponte motion for summary disposition.

¶2     Sherratt filed two notices of appeal in the Fifth District Court case number 080500231, and we consolidated those appeals at Sherratt's request. This appeal is limited to a review of the October 9, 2014 Amended Decision and Order in case number 080500231 (the October 9, 2014 Order).

¶3     In an October 18, 2012 Amended Order and Ruling (the October 18, 2012 Order), the district court found that Sherratt's

filing of the petition for postconviction relief filed in case number 080500231 was an "attempt . . . to retry his criminal case and to address issues that should have been raised on appeal." The district court also found that the claims relied "on information which existed prior to the trial of his criminal case, was in fact known to Mr. Sherratt and his counsel, and that some of the information was in fact offered by counsel but not received by the court." The October 18, 2012 Order dismissed the petition for postconviction relief (the postconviction petition) filed in case number 080500231, as well as a separate petition for a determination of factual innocence (the factual innocence petition) filed in case number 110501051.[1] Sherratt did not file a timely notice of appeal from the dismissal of his postconviction petition in case number 080500231.[2]

¶4    On June 9, 2014, the district court requested further briefing on the issue of whether the October 18, 2012 Order was void because it was entered while an unresolved motion to recuse the assigned judge was pending. After supplemental briefing, the district court entered the October 9, 2014 Order before us in this appeal. The district court concluded that because Sherratt did not file a recusal motion in case number 080500231, there was "no apparent voidness problem associated with the Amended Order in this case." After noting that he did not file a timely appeal of the

---

1. A minute entry in this case states that the original filings were withdrawn, that Sherratt could file an amended petition referring to matters properly raised under the Post-Conviction Remedies Act, *see* Utah Code Ann. § 78B-9-104 (LexisNexis 2012), and that if Sherratt also sought relief under the Postconviction Determination of Factual Innocence statute, *see id.* § 78B-9-402, he would be required to file "a new petition as a new case."

2. On January 24, 2013, we dismissed an untimely appeal—filed only in case number 110501051—from the October 18, 2012 Order for lack of jurisdiction. *See* Order of Summary Dismissal, *Sherratt v. State* (No. 20121068-CA).

October 18, 2012 Order, the district court considered Sherratt's claim that the dismissal should be set aside for "fraud on the court" or under rule 60(b) of the Utah Rules of Civil Procedure.[3] The district court concluded that Sherratt had not demonstrated that he was entitled to reinstatement of his postconviction petition, because his claims "could have been raised in a timely appeal" of the October 18, 2012 Order and "because rule 60(b) is not intended to be a substitute for an appeal." Accordingly, the district court denied the motion to set aside the October 18, 2012 Order dismissing the postconviction petition in case number 080500231 and to restart the petition.

¶5     The notices of appeal initiating this consolidated appeal were each filed only in case number 080500231 and listed only that number, which corresponds to the postconviction petition. Accordingly, we lack jurisdiction in this appeal to consider any claims related to the dismissal of the factual innocence petition in case number 110501051. We agree with the district court's conclusion that because there was no recusal motion filed in case number 080500231, there was no voidness issue related to the October 18, 2012 Order. It follows that the October 18, 2012 Order dismissing the postconviction petition was final and appealable, and Sherratt did not file a timely appeal of the October 18, 2012 Order in case number 080500231. Thus, we lack jurisdiction to consider an appeal of the October 18, 2012 Order, and we review only the October 9, 2014 Order denying the motion to restart the postconviction petition.

¶6     The district court also did not err in denying the motion to restart the postconviction petition. Claims regarding alleged "fraud

---

3. The fraud alleged was that the factual innocence petition was originally incorrectly filed by a court clerk in Sherratt's criminal case. *See State v. Sherratt*, 2009 UT App 229U, para. 4 (per curiam) (concluding that the petition alleging factual innocence was correctly dismissed because it was improperly filed in the criminal case).

on the court" by a court clerk's initial misfiling of the factual innocence petition in the criminal case are insufficient to demonstrate a basis for setting aside the dismissal of the separate postconviction petition. The issues raised in the motion to restart that petition rely upon *Brown v. State*, 2013 UT 42, 308 P.3d 486, also relate only to the separate factual innocence petition in case number 110501051, and are not before us for review in this appeal.

¶7     Accordingly, we dismiss this appeal insofar as it seeks to directly appeal the October 18, 2012 Order dismissing the postconviction petition. We affirm the October 9, 2014 Order denying a motion to set aside the dismissal of the postconviction petition and restart that petition. We also deny Sherratt's motion seeking sanctions against opposing counsel made pursuant to rules 33 and 40 of the Utah Rules of Appellate Procedure because the motion lacks merit.

————————